IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **WELLS FARGO BANK, N.A.,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:20-cv-00245 |
| § | |
| **GEORGE WALTER AND ALLIANZ** § | |
| **LIFE INSURANCE COMPANY OF** § | |
| **NORTH AMERICA,** § | |
| § | |
| Defendants. § | |

**PLAINTIFF'S ORIGINAL PETITION FOR INTERPLEADER**

Plaintiff, Wells Fargo Bank, N.A. ("Plaintiff" or "Wells Fargo"), through its undersigned counsel and pursuant to 28 U.S.C. §§ 1335 and 2361, files this Original Petition for Interpleader and sues Defendants, George Walter ("Walter"), and Allianz Life Insurance Company of North America ("Allianz") (Walter and Allianz shall collectively be referred to herein as the "Claimant Defendants"). In support thereof, Wells Fargo states as follows:

**I.
PRELIMINARY STATEMENT**

1. This interpleader action arises out of a dispute between the Claimant Defendants concerning the deposit on January 30, 2020, of a cashier's check into Walter's Wells Fargo Everyday Checking Account.

2. The Claimant Defendants, in connection with the January 30, 2020 deposit, are alleging entitlement to and/or are refusing to release the proceeds presently being restrained in Walter's account at Wells Fargo.

1

3. Because there are multiple claimants to the funds at issue, Wells Fargo, as a disinterested stakeholder, seeks to interplead the restrained funds into the Court Registry to allow the Claimant Defendants to make their respective claims to the funds.

## II.
## PARTIES

4. Wells Fargo is a national banking association with its main office, as set forth in its Articles of Association, in Sioux Falls, South Dakota. Accordingly, Wells Fargo is a citizen of South Dakota.

5. Walter is a resident and citizen of Texas. Furthermore, the current address listed for Walter on his restrained account at Wells Fargo is in Flower Mound, Texas.

6. Allianz is a Minnesota corporation that does business in Texas. Allianz's principal place of business is in Minnesota.

## III.
## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1335 and 2361, in that there is diversity of citizenship between at least two of the Claimant Defendants, and the amount in controversy in this action exceeds $500.00, exclusive of interest and costs.

8. This Court has jurisdiction over the parties because the funds at issue in this interpleader lawsuit were deposited in a Wells Fargo account held by Walter that was opened and maintained at all material times in Flower Mound, Texas. Furthermore, this Court has jurisdiction over the parties pursuant to 28 U.S.C. §§ 1335 and 2361, which grant district courts authority to issue nationwide service of process in statutory interpleader actions, and because at least one of the Claimant Defendants is a citizen of and resides in the state of Texas.

9. Venue is appropriate in this Court pursuant to the provisions of 28 U.S.C. § 1391, since a substantial part of the events or omissions giving rise to the claim occurred in this District

(i.e., the funds at issue were deposited in a Wells Fargo bank account with a customer/statement mailing address in Flower Mound, Texas).

## IV.
## FACTUAL BACKGROUND

10. At all times material hereto, Walter maintained a Wells Fargo Everyday Checking Account (Account No. XXXXXX6641; the "Walter's Account").

11. On January 30, 2020, a $29,000 cashier's check (the "Cashier's Check") was purchased and deposited into Walter's Account.

12. The Cashier's Check was purchased from an account at 5 Point Credit Union ("5PCU") ending in 8690 (the "5PCU Account").

13. A $66,000 wire (the "Wire") was sent to the 5PCU Account from Allianz. The Cashier's Check was purchased using the funds from the Wire.

14. Allianz and 5PCU raised the issue that the Wire was fraudulent. Accordingly, Wells Fargo restrained the proceeds in Walter's Account totaling $21,340.55 (the "Restrained Proceeds").[1]

15. Despite multiple requests, Walter has refused to allow Wells Fargo to debit the Restrained Proceeds to Allianz.

16. Accordingly, there is now a dispute as to which of the Claimant Defendants are entitled to the Restrained Proceeds.

17. Wells Fargo now seeks to interplead the Restrained Proceeds into the Court Registry to allow the Claimant Defendants to make their respective legal claims to the Restrained Proceeds.

---

[1] The Restrained Proceeds may change due to account changes, interest payments, and/or tax withholding by Wells Fargo, as applicable.

18. The relationship between Wells Fargo and Walter relative to the Walter's Account is currently governed by the Wells Fargo Deposit Account Agreement effective July 24, 2019, (the "Account Agreement"), a true and correct copy of which is attached hereto as **Exhibit A.**

19. Wells Fargo has retained the undersigned attorneys to represent it in this action and has agreed to pay them a reasonable fee.

20. Wells Fargo is entitled to recover its reasonable attorneys' fees and costs in this matter pursuant to the Account Agreement and applicable federal law, where the general rule is that a disinterested, mere stakeholder plaintiff who brings a necessary interpleader action is entitled to a reasonable award of attorneys' fees.

21. All conditions precedent to recovery have been performed, waived or have occurred.

## V.
## CAUSES OF ACTION

### Count 1
### Interpleader

22. All preceding Paragraphs of this Complaint are incorporated herein by reference with the same force and effect as if set forth in full below.

23. At this time there exists rival, adverse and conflicting claims between the Claimant Defendants as to the Restrained Proceeds.

24. Wells Fargo claims no interest in the Restrained Proceeds and has done nothing to create the dispute over entitlement to the Restrained Proceeds.

25. By reason of the conflicting claims to the Restrained Proceeds, Wells Fargo is in doubt as to who is entitled to the Restrained Proceeds, is in danger of being exposed to double or multiple liability, and cannot safely remit the Restrained Proceeds without the aid of this Court.

26. Wells Fargo is ready, willing, and able to deposit the Restrained Proceeds into the Court Registry, or to any other custodian or trustee the Court deems proper.

## VI.

## **PRAYER FOR RELIEF**

Wells Fargo prays for relief as follows:

a. this Court take jurisdiction over the parties, and permit Wells Fargo to deposit the Restrained Proceeds with the Registry of the Court;

b. this Court issue an order requiring the parties to the above-styled cause to interplead as to their rights and settle or litigate amongst themselves their claims and rights to the Restrained Proceeds;

c. Wells Fargo be discharged from all liability to any of the parties to this action in connection with the Restrained Proceeds, the Wire, Walter's Account and any and all transactions relative to Walter's Account;

d. the Claimant Defendants be enjoined and prohibited from instituting any actions against Wells Fargo and/or its agents, affiliates, employees and servants, in connection with the Restrained Proceeds, the Wire, Walter's Account and any and all transactions relative to Walter's Account;

e. Wells Fargo, pursuant to the Account Agreement and applicable law, be awarded its costs and reasonable attorneys' fees, to be paid from the Restrained Proceeds, for bringing this action;

f. Wells Fargo be dismissed as a party to this action; and

g. for such other and further relief as this Court deems just, equitable and proper.

Active\108537627.v1-3/25/20

Dated: March 25, 2020

                                          Respectfully submitted,

**FOX ROTHSCHILD LLP**

*/s/ Robert J. Palmer*
Robert J. Palmer
Texas Bar No. 24013286
Email: rpalmer@foxrothschild.com
Two Lincoln Centre
5420 Lyndon B. Johnson Freeway,
Suite 1200
Dallas, TX  75240
Tel. (972) 991-0889/Fax (972) 404-0516
*Counsel for Plaintiff, Wells Fargo Bank, N.A.*