IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| WELLS FARGO BANK, N.A., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:20-CV-00245 |
| § | |
| GEORGE WALTER AND ALLIANZ § | |
| LIFE INSURANCE COMPANY OF § | |
| NORTH AMERICA, § | |
| § | |
| Defendants. § | |

## AGREED MOTION FOR ENTRY OF FINAL JUDGMENT

Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo"), and Defendant Allianz Life Insurance Company of North America ("Allianz Life"), file this Agreed Motion for Entry of Final Judgment and request that the Court enter a Final Judgment authorizing Wells Fargo to transfer funds currently restrained in defaulted Defendant George Walter's ("Walter") account to Allianz Life after providing Wells Fargo with its costs and reasonable attorney's fees, and would respectfully show the Court as follows:

### FACTUAL AND PROCEDURAL BACKGROUND

1. On March 25, 2020, Wells Fargo filed this Interpleader action against Walter and Allianz Life in this matter [ECF 1].

2. In bringing this lawsuit, Wells Fargo sought to interplead funds currently being restrained in Walter's Wells Fargo Everyday Checking Account.

3. On January 30, 2020, a $29,000 cashier's check (the "Cashier's Check") was purchased and deposited into Walter's Account.

1

4. The Cashier's Check was purchased from an account at 5 Point Credit Union ("5PCU") ending in 8690 (the "5PCU Account").

5. A $66,000 wire (the "Wire") was sent to the 5PCU Account from Allianz Life. The Cashier's Check was purchased using the funds from the Wire.

6. Allianz Life raised the issue that the Wire was fraudulent.

7. Accordingly, Wells Fargo restrained the proceeds in Walter's Account totaling **$21,340.55** (the "Restrained Proceeds").[1]

8. Wells Fargo instituted this interpleader action only after Walter refused to allow Wells Fargo to debit the Restrained Proceeds to Allianz Life.

9. Wells Fargo moved to and served Walter by Service of Process by Publication. [ECF 7, Order granting service of process by publication and ECF 8, Notice of Filing Publisher's Affidavit and Officer's Return].

10. Walter did not timely file a response to the Complaint and Wells Fargo moved for a Default Judgment.

11. Accordingly, Wells Fargo and Allianz Life respectfully request that this Court enter a final judgment authorizing Wells Fargo to distribute the **$21,340.55** in Restrained Proceeds back to Allianz Life in the same manner received, less the attorneys' fees and costs that Wells Fargo incurred in bringing the Interpleader Action. Wells Fargo has incurred and/or will incur a total of approximately $5,501.40 as reasonable and necessary attorneys' fees and costs in this matter.[2]

---

[1] Attached in support of this Motion as Exhibit "A" is the Declaration of Kelsi Roth.

[2] *See* Exh. B. Declaration of Wells Fargo's Counsel, Robert J. Palmer.

10. As a result of Walter's Default of this Interpleader Action, Wells Fargo and Allianz Life request that the Court enter Final Judgment authorizing Wells Fargo to distribute the funds it sought to interplead in the amount of **$21,340.55** as follows: a) $15,839.15 to Allianz Life and b) $5,501.40 to Wells Fargo for the reasonable and necessary attorneys' fees and costs incurred in this matter.

Dated: September 2, 2020

Respectfully submitted,

*/s/ Robert J. Palmer*
Robert J. Palmer
Texas Bar No. 24013286
**FOX ROTHSCHILD LLP**
Email: rpalmer@foxrothschild.com
Saint Ann Court
2501 N. Harwood Street, Suite 1800
Dallas, TX 75201Tel. (972) 991-0889/Fax (972) 404-0516
*Attorney for Plaintiff*


*/s/ Wm. Lance Lewis*
Wm. Lance Lewis
Texas Bar No. 12314560
QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
Tel. (214) 871-2100/Fax (214) 871-2111
*Attorney for Defendant Allianz Life Insurance Company of North America*

113909855.v1

## CERTIFICATE OF CONFERENCE

  I hereby certify that on multiple occasions I conferred with Defendant, Allianz Life and they are in agreement with this Motion and have signed the proposed Order agreeing to same.

              */s/ Robert J. Palmer*
              Robert J. Palmer

113909855.v1

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| **WELLS FARGO BANK, N.A.,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:20-cv-00245 |
| § | |
| **GEORGE WALTER AND ALLIANZ** § | |
| **LIFE INSURANCE COMPANY OF** § | |
| **NORTH AMERICA,** § | |
| § | |
| Defendants. § | |

### DECLARATION OF KELSI ROTH

I, Kelsi Roth, hereby declare as follows:

1. My name is Kelsi Roth and I am a Special Investigator for Allianz Life Insurance Company of North America ("Allianz Life").

2. I am 33 years old.

3. I currently reside in Newport, Minnesota.

4. On or about January 28, 2020, pursuant to a withdrawal request received by Allianz Life (the "Withdrawal Request"), Allianz Life sent a $66,000.00 wire (the "Wire") to 5 Point Credit Union ("5PCU"). Wells Fargo has indicated that, on January 30, 2020, a $29,000 cashier's check was purchased from the account at 5PCU and deposited into Defendant George Walter's Account at Wells Fargo.

5. On or about February 5, 2020, Allianz Life determined the request for the Withdrawal Request was fraudulent and requested a recall of the Wire, which was unsuccessful.

1

6. Because Allianz Life has been defrauded, apparently by Walter, Allianz Life is entitled to the funds that Wells Fargo is restraining in Walter's account, which Wells Fargo has indicated currently total $21,340.55.

7. Allianz Life has no objection to Wells Fargo deducting its reasonable legal fees and costs ($5,501.40) prior to distributing Allianz Life's share of the funds that Allianz Life agrees will be $15,839.15.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 1, 2020.

*Kelsi Roth*
_____
By: Kelsi Roth
For: Allianz Life Insurance Company of North America

# EXHIBIT B

Case 4:20-cv-00245-ALM   Document 11   Filed 09/02/20   Page 8 of 11 PageID #: 134

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:20-cv-00245 |
| GEORGE WALTER AND ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA, | § § § § § | |
| Defendants. | § § | |

### DECLARATION OF WELLS FARGO BANK, N.A.'S COUNSEL, ROBERT J. PALMER, ESQ.

I, Robert J. Palmer hereby declare as follows:

1. I am counsel of record in the above-styled action, representing Plaintiff Wells Fargo Bank, N.A ("Wells Fargo").

2. This Declaration is based upon my personal knowledge as counsel of record in the case for Wells Fargo and upon my experience as a litigation attorney licensed to practice in Texas since 1999. I am familiar with the customary and reasonable rates charged by attorneys in the Southern District of Texas by virtue of my work as a practicing attorney across the State of Texas since my admission to the bar in 1999.

3. The facts stated in this Declaration are within my personal knowledge and are true and correct to the best of my knowledge.

4. I am a partner at Fox Rothschild LLP ("Fox Rothschild") and have been an actively practicing attorney in the State of Texas since 1999.

1

5.      Fox Rothschild's agreement with Wells Fargo provides that Wells Fargo will pay the Firm for services rendered at a discounted rate.  I currently charge the rate of $495.00 per hour, but agreed to charge Wells Fargo the discounted rate of $316.00 per hour.

6.      I am personally familiar with, and had a direct participatory role in, the work that Fox Rothschild has performed on behalf of Wells Fargo with respect to this Lawsuit.  In my capacity as counsel of record in this action, and by virtue of my role at Fox Rothschild, I am also a custodian of records for Fox Rothschild for the case file and records maintained by the firm in this matter.  In that capacity, I am familiar with the manner in which its records are created and maintained by virtue of my duties and responsibilities to the firm and with respect to this action.

7.      On or about March 9, 2020, Wells Fargo retained Fox Rothschild to represent it in this action, and since the Firm's retention, valuable legal services were performed on behalf of Wells Fargo, including but not limited to reviewing all relevant bank documents; analyzing all legal authority related to this interpleader action; drafting, filing and serving Wells Fargo's complaint for interpleader; communicating with Defendant Allianz Life, perfecting service on Defendant Walter which included filing a Motion for Service by Publication, and preparing the Motion for Default Judgment and Agreed Motion for Entry of Final Judgment.

8.      In summary, over the past approximate 4.0 months, I have spent approximately 13.4 hours[1] in performing reasonable and necessary legal services in this matter. There also has been approximately $1,267.00 in costs incurred, primarily due to filing, service-related fees and cost of service by publication. Accordingly, based on the attorneys' hourly rates, the hours of work expended (including three (3) anticipated future hours of work prior to this matter being closed)

---

[1] Including the amount of time expended drafting and filing this Declaration and the Agreed Motion for Entry of Judgment to which it is attached.

113909927.v1

and the costs incurred to-date, Wells Fargo has incurred and/or will incur a total of approximately **$5,501.40** as reasonable and necessary attorneys' fees and costs in this matter.

9. As Wells Fargo's attorney of record, I am of the opinion that the fees and costs charged by Fox Rothschild are reasonable and necessary to, among other things, protect Wells Fargo as a disinterested stakeholder in a dispute between the Defendants over the wired funds.

10. My opinion regarding the reasonable and necessary attorneys' fees incurred by Wells Fargo in this litigation is based on and/or falls within the guidelines promulgated by The United States Court of Appeals for the Fifth Circuit, which has adopted the lodestar method for determining reasonable attorneys' fees, and considers the twelve "Johnson" factors in determining the reasonable hourly rate and the number of hours reasonably expended. See Johnson v. Georgia Highway Express. Inc., 488 F.2d 714, 717-19 (5th Cir. 1974).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 2, 2020.

_____
ROBERT J. PALMER

113909927.v1